# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| TERRY ANTHONY BALL,<br><br>　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:18-cv-00249-MMD-WGC<br><br>ORDER |

## I. SUMMARY

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss Petitioner Terry Anthony Ball's petition (ECF No. 9). Ball opposed (ECF No. 13), and Respondents replied (ECF No. 14). The motion is granted in part.

## II. PROCEDURAL HISTORY AND BACKGROUND

In June 2014, Ball pleaded guilty to three counts of robbery with a deadly weapon (Exh. 27).[1] The convictions stemmed from three convenience store robberies. Each time Ball went to the store counter, raised his sweatshirt so that the clerk could see that he had a gun tucked in his waistband, and demanded the money from the cash register. The gun in question was either an airsoft gun or pellet gun. (Exh. 8.) The state district court sentenced him on each count to a term of 24 to 120 months, with a term of 24 to 60 months for the deadly weapon enhancement—all sentences to run consecutively. (Exh. 31.) Judgment of conviction was filed on October 2, 2014. (Exh. 32.)

///
///

---

[1] Exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10–12.

The Nevada Court of Appeals affirmed his convictions in October 2015. (Exh. 65.) The court of appeals also affirmed the denial of Ball's state postconviction habeas corpus petition in November 2017. (Exh. 105.)

Ball dispatched his federal petition for mailing in August 2018 (ECF No. 5). Respondents argue that the court should dismiss several grounds in the petition because they are noncognizable in federal habeas corpus (ECF No. 9).

**III. DISCUSSION**

**A. Guilty Plea and Federally Cognizable Claims**

Respondents argue that grounds 1 and 2 are not cognizable in federal habeas corpus in the context of a guilty plea (ECF No. 9 at 4–5). In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

In ground 1, Ball argues that his counsel for the preliminary hearings, Scott Edwards, was ineffective in violation of his Sixth and Fourteenth Amendment rights because counsel failed to conduct any investigation as to whether the weapons at issue were real or toy guns and failed to object when the state referred to the weapons as deadly (ECF No. 5 at 7–10).

///

Respondents argue that ground 1 is barred by *Tollett* (ECF No. 9 at 4–5). The Court agrees. Ball's complaints about the preliminary hearing do not bear on whether he entered his guilty plea knowingly and voluntarily. The Court further observes that even within ground 1 Ball also acknowledges that Edwards elicited testimony from a police officer at the preliminary hearing that the two "pistols" he recovered from Ball's vehicle were not firearms but an airsoft gun and a pellet gun (Exh. 8 at 77). (ECF No. 5 at 9.) In any event, ground 1 is dismissed under *Tollett*.

Next, Ball contends in ground 2 that his plea counsel, John Stephenson, rendered ineffective assistance because he failed to advise Ball that proof of the guns' actual deadly capabilities was necessary under Nevada law for a deadly weapon enhancement. (ECF No. 5 at 11–14). Respondents respond that at least portions of ground 2 are pre-plea claims that are foreclosed by *Tollett* (ECF No. 9 at 5). However, the claim that counsel did not inform Ball that the State would have to prove that the guns at issue could inflict deadly harm in order for a conviction on the deadly weapons charges challenges the voluntary and intelligent nature of his plea and is not subject to dismissal under *Tollett*.

### B. Claims Cognizable in Federal Habeas Corpus (State Law Claims)

Respondents argue that ground 3 is a state-law claim only (ECF No. 9 at 5–6). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

Ball asserts in ground 3 that the state district court abused its discretion by imposing a deadly weapon enhancement for a toy gun in violation of his Fifth, Sixth, and Fourteenth

Amendment rights (ECF No. 5 at 14–17). Respondents are correct that this is a purely state-law claim; therefore, it is dismissed.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 9) is granted in part and denied in part. It is granted as to grounds 1 and 3 which are dismissed as noncognizable in federal habeas. It is denied as to ground 2.

It is further ordered that Respondents will have 60 days from the date this order is entered within which to file an answer to the remaining claims in the petition.

It is further ordered that Petitioner will have 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' motion for extension of time to file a response to the petition (ECF No. 8) is granted *nunc pro tunc*.

DATED THIS 5th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE